Benny Jackson
2127 Crawford St.
North Las Vegas NV 89030
*In Proper Person*

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 2 6 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEVADA

Benny Jackson,

     Plaintiff,

 vs.

Freeman Expositions, Inc., ROES I through X, Inclusive,

     Defendant.

Case No.:

**2:16-cv-00146-RFB-NJK**

## COMPLAINT

 COMES NOW, Plaintiff, Benny Jackson, in proper person, complains and alleges as follows:

### JURISDICTION AND VENUE

1) At all times mentioned herein, the Plaintiff was and is a resident of Las Vegas, Nevada;

2) Upon information and belief, at all times mentioned herein, Defendant, Freeman Expositions, Inc., is and was a corporation conducting business in the City of Las Vegas, State of Nevada, County of Clark;

3) The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants ROE I through X, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. The Plaintiffs are informed, believe and thereupon allege that the Defendants designated herein as ROE I through X, inclusive, are any one of the following:

i) Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages thereby to the Plaintiff as herein alleged;

ii)  Parties that are the agents, servants, employees and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment or contract;

iii) Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise;

iv) The Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants, ROES 1-100, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join said Defendants in the action;

4) The acts and omissions alleged hereafter occurred within Clark County, State of Nevada.

GENERAL ALLEGATIONS

5) Plaintiffs repeat and re-allege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein;

6) That the parties entered into a written settlement agreement and release of claims on April 27, 2015;

7) That it has been expressly agreed that neither or the parties are to discuss or mention the terms and conditions of this Agreement completely confidential and not to disclose any information concerning this Agreement to anyone, as outlined in Section Fourth (a);

8) That on April 15, 2015, Marsha Conrad with Freeman sent an email to John Price, DG Las Vegas Branch Everyone, Cheryl King, "Please add to 86 list: Benny Jackson, Sr., - 1984."

9) That Plaintiff has fulfilled his obligations under the agreement; however, Defendant has failed to fulfill their obligation;

10) That Defendant failed to meet the terms of the agreement, as executed.

### FIRST CAUSE OF ACTION

(Breach of Contract)

11) Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein;

12) That both Plaintiff and Defendant were fully authorized to enter into such settlement agreement;

13) That Defendants did not fully comply with the terms of the agreement set forth therein;

14) That Plaintiff has suffered tremendously from the email sent by Marsha Conrad, Administrative Assistant to Cheryl A. King, Director – Labor Relations with Freeman, from marsha.conrad@freemanco.com on April 15, 2015 at 1:22PM;

15) That Plaintiff has been refused offers of employment, contract positions due to being known as 86ed from Defendant's facility;

16) That although Defendant did not specify why, the email should not have taken place, and as a result of the email being sent, Plaintiff has lost a sufficient amount of income;

17) That the email adding Plaintiff to the 86ed list, without specifics, has caused harm to Plaintiff;

18) That the parties never agreed Plaintiff was to be 86ed from the premises belonging to Defendant;

19) The Defendants breached that promise without good cause and in bad faith;

20) The breach by the Defendants of their promise, which was willful or negligent, was attended by such malice, insult, and abuse that it constituted an independent tort, thus entitling the Plaintiff to recover punitive damages as well as actual damages;

21) That it may be necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable legal & attorney fees and costs of suit incurred herein.

SECOND CAUSE OF ACTION

(Negligence)

22) Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein;

23) That Defendants wanton, willful and reckless disregard to abide by the terms of the agreement has caused Plaintiff damages;

24) That Defendant entered into an agreement knowing they did not fully intend on honoring the terms therein;

25) That Defendant entered into an agreement knowing he did not have the intent of ever repaying Plaintiff, as agreed;

26) Defendant's negligence speaks for itself;

27) Defendants conduct was intentional and designed to cause severe emotional distress;

28) Plaintiff has lost sleep, appetite and suffered emotionally because of the actions of Defendants;

29) Defendants has acted arbitrarily, capriciously and with reckless disregard for Plaintiff, and accordingly, Plaintiff is entitled to exemplary damages, in excess of $75,000 and is entitled to money damages, punitive damages, and other relief as the Court finds to be just and proper;

30) That it may be necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable legal & attorney fees and costs of suit incurred herein.

THIRD CAUSE OF ACTION

(Implied-in-fact Breach of Contract)

31) Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein;

32) That Defendant executed the agreement and instructed Marsha Conrad to notify several individuals that Plaintiff was not 86ed from the premises belonging to Defendant;

33) That Defendant initially breached the terms of the Agreement to their own benefit;

34) That Plaintiff and Defendant entered into a written agreement of which Defendant was to remain silent of such agreement;

35) That Plaintiff and Defendant entered into a written agreement not to discuss the terms and conditions therein;

36) Plaintiff was at all times mentioned herein acting in a responsible, prudent manner to work with Defendants in an attempt to mutually resolve the claim in a timely fashion;

37) As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe mental anguish, along with the ability to maintain a habitual residence as agreed upon in the rental agreement. That in doing the above said acts and/or omissions, Defendants, and each of them, and that by reason thereof, Plaintiff demand damages in excess of ten thousand dollars ($75,000);

38) That it may be necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable legal & attorney fees and costs of suit incurred herein.

### FIRST CAUSE OF ACTION

#### (Breach of Implied Covenant of Good Faith and Fair Dealing)

39) Plaintiff re-alleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein;

40) That Defendant failed to fulfill the terms of the Agreement, causing Plaintiff monetary harm;

41) That Defendant initially breached the terms of the Agreement to their own benefit;

42) Plaintiff was at all times mentioned herein acting in a responsible, prudent manner to work with Defendants in an attempt to mutually resolve the claim in a timely fashion;

43) As a direct and proximate result of the negligence of Defendants, Plaintiff has suffered severe mental anguish, along with the ability to maintain a habitual residence as agreed upon in the rental agreement. That in doing the above said acts and/or omissions, Defendants, and each of them, and that by reason thereof, Plaintiff demand damages in excess of ten thousand dollars ($75,000);

44) That it may be necessary for Plaintiff to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable legal & attorney fees and costs of suit incurred herein.

WHEREFORE, Plaintiff prays for Judgment against the Defendants as follows:

1. For Judgment against Defendant;

2. For punitive damages against Defendant, according to proof;

3. For compensatory damages against Defendant, according to proof;

4. For damages in excess of $75,000 against Defendants, according to proof;

5. For attorney fees, if any are incurred as a result of filing suit;

6. For legal fees and costs of suit, as incurred herein;

7. For such other relief as the Court finds to be just and proper.

DATED this _22_ day of _January_ 201_6_.

Benny Jackson
2127 Crawford St.
North Las Vegas NV 89030
*In Proper Person*



U.S. District Court
333 Las Vegas Blvd S
Las Vegas, NV 89101

Low Cost Paralegal Services.
720 E. Charleston Blvd., #140
Las Vegas, Nevada 89104